# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| American European Insurance Company,<br><br>　　　　　Plaintiff,<br>　v.<br><br>John Hatcher, Suzanne Hatcher, Boshaw Residential LLC, and Ronal Boshaw,<br><br>　　　　　Defendants. | Case No. 9:24-cv-00587-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is a motion for reconsideration filed by Defendants John and Suzanne Hatcher (collectively, "Defendants"). (Dkt. No. 36). Plaintiff opposes. (Dkt. No. 37). Defendants move for reconsideration of the Court's Order granting Plaintiff's motion for judgment on the pleadings. (Dkt. No. 34). For the reasons set forth below, Defendants' motion is denied.

**I.    Legal Standard**

Federal Rule of Civil Procedure 59(e) permits a district court to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) enables a judgment to be amended under the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . ; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citation and punctuation omitted). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Although "there are circumstances when a motion to reconsider may perform a valuable function, . . . it [is] improper to use such a motion to

1

ask the Court to rethink what the Court ha[s] already thought through—rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (citation and punctuation omitted).

## II. Discussion

Defendants contend that the Court committed clear errors of law, including: (1) failing to convert the motion for judgment on the pleadings to a motion for summary judgment; (2) failing to consider Reservation of Rights letters issued by Plaintiff to Defendants; (3) failing to consider the affidavit of Defendant Suzane Hatcher; (4) misconstruing coverage through waiver; (5) misconstruing the failure to properly reserve rights to disclaim coverage; and (6) finding that Defendant Boshaw's alleged harm in the underlying action did not constitute "bodily injury" under the terms of the Policy, without taking into account any testimony presented in the underlying proceeding. (Dkt. No. 36).

Defendants have not shown that the Court committed clear errors of law, as they fail to provide any analysis or law supporting their assertions. Moreover, Defendants have not identified any change in controlling law or any new evidence not previously available. Accordingly, Defendants have not shown that reconsideration of the Court's ruling on the motion for judgment on the pleadings is warranted.

## III. Conclusion

For the foregoing reasons, Defendants' motion for reconsideration (Dkt. No. 36) is **DENIED**.

**AND IT IS SO ORDERED.**

                                                    s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

October 15, 2025
Charleston, South Carolina